STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2021 CA 1600

MARY DURAN

VGW by CHH

VERSUS

ROUL'S DELI JUICY JUICY, L.L.C. AND ABC INSURANCE
COMPANY

CHH

AHP by CHH

Judgment Rendered: **AUG 0 8 2022**

\* \* \* \* \*

On Appeal from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 688998

Honorable Timothy E. Kelley, Judge Presiding

\* \* \* \* \*

John W. Redmann
Edward L. Moreno
Kelly S. Rizzo
Gretna, LA

Attorneys for Plaintiff-Appellant,
Mary Duran

Julie E. Vaicius
Erin O. Braud
Daniel R. Atkinson, Jr.
Metairie, LA

Attorneys for Defendant-Appellee,
TMA, C&P, LLC

Roy H. Maughan, Jr.
Baton Rouge, LA

Attorney for Defendant-Appellee,
Roul's Deli Juicy Juicy, L.L.C.

\* \* \* \* \*

BEFORE: WHIPPLE, C.J., PENZATO, AND HESTER, JJ.

**HESTER, J.**

Plaintiff, Mary Duran, appeals the trial court's grant of summary judgment in favor of defendant, TMA, C&P, LLC, thereby dismissing her claims seeking recovery for injuries sustained when she tripped and fell on defendant's property. For the following reasons, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On January 31, 2019, Mary Duran was outside of Roul's Deli Juicy Juicy, L.L.C. ("Roul's") and began to reach for the entrance door handle to the restaurant when she tripped on an unmarked step. Ms. Duran fell and sustained injuries to her cervical, thoracic, lumbar, and sacral spine regions, and to her left wrist and knee. Ms. Duran initially filed a petition for damages against Roul's and its unnamed insurance company and subsequently amended the petition to add as defendants TMA, C&P, LLC ("TMA"), the owner of the premises, and its unnamed insurance company. Ms. Duran alleged that the accident was caused by the negligence of Roul's and/or TMA (sometimes hereinafter referred to as "defendants") and that defendants either created the unreasonably dangerous condition, had actual notice of the unreasonably dangerous condition, or the unreasonably dangerous condition existed for such a period of time before Ms. Duran sustained her injuries that it would have been discovered if defendants exercised reasonable care. Ms. Duran further alleged that a defect or vice existed in the property owned by defendants and over which defendants had sole custody and control and that the vice or defect could have been prevented through the exercise of reasonable care.

TMA answered the petitions and later filed a motion for summary judgment, seeking to be dismissed from the lawsuit. TMA maintained that summary judgment was appropriate, as Ms. Duran could not establish liability on the part of TMA for damages because the lessee, Roul's, assumed responsibility for the condition of the

2

leased premises pursuant to La. R.S. 9:3221[1] and because TMA was unaware of any defect in the leased premises. Ms. Duran opposed the motion for summary judgment. At the conclusion of the hearing on October 18, 2021, the trial court granted TMA's motion for summary judgment and dismissed Ms. Duran's claims against TMA with prejudice. The trial court signed a judgment in conformity with its ruling on October 28, 2021. It is from this judgment that Ms. Duran appeals.

## LAW AND ANALYSIS

The purpose of summary judgment is to pierce the pleadings and to assess the proof in order to determine whether there is a genuine need for trial. **Louisiana Workers' Compensation Corp. v. B, B & C Associates, LLC**, 2017-1342 (La. App. 1st Cir. 4/9/18), 249 So.3d 18, 22. The initial burden of proof is on the mover. La. Code Civ. P. art. 966(D)(1). After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966(A)(3). Appellate courts review summary judgments *de novo*, using the same standards applicable to the trial court's determination of the issues, and ask the same questions the trial court does in determining whether summary judgment is appropriate. **Cabana Partners, LLC v. Citizens Bank & Trust Co.**, 2018-0133 (La. App. 1st Cir. 12/21/18), 269 So.3d 986, 990. See also La. Code Civ. P. art. 966(A)(3).

In determining whether the trial court properly granted TMA's motion for summary judgment, we must first examine whether TMA's motion, memorandum, and supporting documents showed that there was no genuine issue as to material fact

---

[1] Louisiana Revised Statutes 9:3221 provides as follows:

> Notwithstanding the provisions of Louisiana Civil Code Article 2699, the owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.

such that TMA was entitled to judgment as a matter of law. See La. Code Civ. P. art. 966(A)(3). We first note that on May 19, 2021, when TMA filed its motion for summary judgment, the only documents filed therewith were the memorandum in support of the motion, a rule to show cause, a list of essential legal elements, and a list of undisputed material facts. While an "Affidavit of Bruce MacMorran and attached exhibits" are referenced in the documents filed on May 19, 2021, neither the affidavit nor any exhibits were filed with TMA's motion for summary judgment and corresponding documents.

On October 13, 2021, five days prior to the hearing on the motion for summary judgment, an affidavit of Bruce MacMorran with three exhibits attached thereto was filed into the record. The affidavit and attached exhibits, which include the lease between Roul's and TMA, appear in the record without reference to the motion for summary judgment, are not attached to any pleading or document, and do not reflect which party filed the documents in the record. However, counsel for TMA indicated at the hearing that "[t]here was a mix up ... where the affidavit that I filed – well, supposed to be filed with my original motion somehow was not filed by my staff." Counsel for Ms. Duran did not object to the affidavit and attached exhibits, and all parties and the trial court agreed to proceed with the hearing on TMA's motion for summary judgment on October 18, 2021, at which time the trial court accepted the evidence.

Under current La. Code Civ. P. art. 966(D)(2), we may consider only those documents specifically filed in support of or in opposition to a motion for summary judgment, *even if those documents appear elsewhere in the record.* La. Code Civ. P. art. 966(D)(2) & see Comments - 2015, comment (k); **Simon v. CenturyLink, Inc.,** 2021-0412 (La. App. 1st Cir. 12/22/21), ___ So.3d ___, ___, 2021 WL 6065886, *6-7 (citing **Huggins v. Amtrust Insurance Company of Kansas, Inc.,** 2020-0516 (La. App. 1st Cir. 12/30/20), 319 So.3d 362, 366). However, TMA failed

4

to file any exhibits in support of its motion for summary judgment. Without the affidavit of Bruce MacMorran, who is the property manager for TMA, TMA presented no evidence establishing that Roul's assumed responsibility for the condition of the premises under the lease or any evidence showing that TMA was unaware of any defect in the leased premises. Therefore, pursuant to our *de novo* review, TMA did not meet its initial burden of proof as mover, and the burden never shifted to Ms. Duran. See La. Code Civ. P. art. 966(D)(1). Also see **Successions of Millet**, 2021-0355, 2021-0356 (La. App. 1st Cir. 12/22/21), ___ So.3d ___, ___, 2021 WL 6069368, *11.

We acknowledge the agreeable nature of the parties and the trial court in proceeding with the hearing after TMA admitted that the affidavit and exhibits were not filed with the motion for summary judgment and, instead, were later filed separately.[2] However, under current La. Code Civ. P. art. 966(D)(2), we cannot consider these documents in our review of the motion for summary judgment, as they were not specifically filed in support of TMA's motion for summary judgment. See **Huggins**, 319 So.3d at 366-67. We are constrained to find the trial court erred in granting TMA's motion for summary judgment and in dismissing Ms. Duran's claims against TMA.

---

[2] Moreover, even if the affidavit was introduced into the record at the hearing, this court could not consider such evidence, as parties are not permitted to introduce summary judgment evidence at the hearing. **Tillman v. Nationwide Mut. Ins. Co.**, 2020-0250 (La. App. 1st Cir. 2/22/21), 321 So.3d 1017, 1022, n.5, writ denied, 2021-00429 (La. 5/25/21), 316 So.3d 446. Also see **Huggins**, 319 So.3d at 366, n.1.

## CONCLUSION

For the foregoing reasons, we reverse the trial court's October 28, 2021 judgment, granting TMA, C&P, LLC's motion for summary judgment and dismissing Mary Duran's claims against TMA, C&P, LLC with prejudice. This matter is remanded for further proceedings. All costs of the appeal from the October 28, 2021 judgment are assessed to TMA, C&P, LLC.

**REVERSED AND REMANDED.**